UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITES STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:23-CR-00024-LEW |
| | ) | |
| CHRISSIE LAFORGE, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER ON DEFENDANT'S MOTION TO REDUCE SENTENCE AND MOTION TO APPOINT COUNSEL

On January 26, 2024, I sentenced Defendant Chrissie LaForge to an 18-month term of imprisonment following her guilty plea to a charge of Possession with Intent to Distribute Fentanyl and Cocaine. Judgment (ECF No. 38). Her Guideline Sentencing Range was considerably longer. I also recommended that LaForge be enrolled in the Bureau of Prisons' 500-hour drug treatment program.

On May 13, 2024, LaForge filed a letter with the Court requesting compassionate release based on family circumstances, poor health and difficult conditions at the Danbury Federal Prison Camp, and rehabilitative efforts, and asking for counsel to be appointed on her behalf. Mot. for Compassionate Release and Motion to Appoint Counsel (ECF No. 42). The Government opposes LaForge's request for compassionate release and asserts that she has not followed available procedures to exhaust her request with the Warden. Gov't Response at 6–8 (ECF No. 45). The Government also opposes the request on the merits. In reply, LaForge raises disputes about the administrative requirements in place

when she petitioned the Warden for relief and reasserts the argument that her circumstances are extraordinary and compelling. Reply (ECF No. 46).

## Request for Counsel

LaForge is not entitled to counsel on this matter. "There is no right to counsel in postconviction proceedings," *Garza v. Idaho*, 586 U.S. 232, 245 (2019), including a motion for a reduced sentence, *see United States v. Gutierrez*, No. CR 06-40043-FDS-2, 2020 WL 1667710, at *2 (D. Mass. Apr. 3, 2020). Instead, "the appointment of counsel . . . must rest in the discretion of the court." *Dirring v. United States*, 353 F.2d 519, 520 (1st Cir. 1965). When exercising discretion, courts often look to the three-part test for whether to provide court-appointed counsel in the analogous habeas corpus context. *See, e.g.*, *United States v. Pinkham*, No. 2:15-CR-00128-JDL, 2020 WL 7753968, at *2 (D. Me. Dec. 29, 2020) (citing *United States v. Mala*, 7 F.3d 1058, 1063–64 (1st Cir. 1993)). This test asks whether the defendant has "a fair likelihood of success on" her claim, whether the issues raised are "factually complex and legally intricate," and whether "the facts are largely undeveloped." *Mala*, 7 F.3d at 1063–64.

Here, whether LaForge ultimately is entitled to a reduced sentence turns on the issue of whether the hardship that LaForge faces is not only extraordinary and compelling but also substantial enough to outweigh the harms to society—both concrete and abstract—of cutting short the sentence of incarceration so soon after it was imposed. *See* 18 U.S.C. § 3582(c)(1)(A) (articulating standard for compassionate release). I therefore turn to that question to evaluate whether the circumstances described by LaForge raise a fair likelihood of success.

**Request for Reduced Sentence**

A district judge does not have freewheeling authority to "vacate, alter, or revise a sentence previously imposed," and is empowered to do so only in certain "narrowly circumscribed" circumstances. *United States v. Mercado-Flores*, 872 F.3d 25, 28 (1st Cir. 2017). By law, "[t]he court may not modify a term of imprisonment once it has been imposed except" for certain prescribed reasons. 18 U.S.C. § 3582(c). For present purposes, I am authorized to reduce LaForge's sentence only if "extraordinary and compelling reasons warrant" such a reduction when considered alongside the general sentencing factors set forth in 18 U.S.C. § 3553(a). *See id.* § 3582(c)(1)(A)(i). Additionally, LaForge must first petition the warden of her facility for early release. *Id.* § 3582(c)(1)(A); *United States v. Ruvalcaba*, 26 F.4th 14, 18 (1st Cir. 2022).

LaForge has demonstrated a prior attempt to obtain administrative relief from the Warden of her facility and, minimally, has raised the kind of dispute on the issue that would warrant a closer examination. For that reason, I pass over the exhaustion requirement to reach the central issue presented by LaForge's Motion. *See United States v. Texeira-Nieves*, 23 F.4th 48, 53 (1st Cir. 2022) (holding that the exhaustion requirement is a "non-jurisdictional claim-processing rule," so courts may "bypas[s] the" requirement). That central issue concerns the manner in which the general sentencing factors stack up against the circumstances that are alleged to provide an extraordinary and compelling basis for early release.

The general sentencing factors do not favor LaForge's request. Most impactful are the need for the sentence to reflect the seriousness of the offense, to promote respect for

3

the law, and to provide just punishment. 18 U.S.C. § 3553(a). Furthermore, it is important that the sentence affords adequate deterrence, provides needed correctional treatment, in particular drug treatment, and avoids unwarranted disparities in sentencing. *Id.* The sentence I imposed was already quite lenient. That leniency was warranted, but LaForge's request for early release would flout all of the sentencing factors just enumerated. That is why, at her sentencing, I declined LaForge's sentencing recommendation of time served.

As for the presentation of an extraordinary and compelling scenario that might outweigh the sentencing factors, LaForge's assertions related to her health (mental and emotional disorders and situational stress), prison conditions (lack of air conditioning in a minimum-security housing block), and rehabilitative efforts (she has, among other things, secured her GED) do not move the needle in favor of an order releasing her from her remaining term of incarceration for the reasons explained by the Government. *See* Gov't's Resp. in Opp'n (ECF No. 45) at 8–14. Of greater concern are LaForge's statements related to her high-school age children who, according to her, are living alone and unsupervised in her home without adequate funds to meet the home's utility bills. The Sentencing Commission has recognized that "family circumstances" may be extraordinary and compelling such that it is appropriate to modify a sentence. U.S.S.G. § 1B1.13(b)(3). It also states that the death or incapacitation of a partner can justify a reduced sentence if minor children are left unsupervised as a result, and that a court may also consider whether similar circumstances exist. *Id.* § 1B1.13(b)(3)(A), (D).

LaForge indicates that she has a daughter and son living in her home unsupervised. The daughter was 18 as of May 2024, and the son, 16. Based on the record, one child is

4

trying to make ends meet. The other child's contributions are unclear. In addition to the income they earn for themselves, there is a child support contribution to the household, though the details are not provided. In addition, LaForge is able to contribute funds toward her mortgage, but evidently little or nothing else. According to messages exchanged with her son, the sewer, water, and electrical bills are all overdue.

The circumstances existing at present appear to be much like what was anticipated at the time of sentencing, when the Presentence Investigation Report indicated that adult supervision over LaForge's children was uncertain. PSR ¶ 62. The Report also itemized LaForge's financial straits, including multiple accounts in collection and water and sewer tax arears. *Id.* ¶ 71. LaForge's children are presently enduring the consequences of LaForge's criminal conduct.

I am sympathetic to the reported circumstances experienced by LaForge about her children's financial and household circumstances. However, it seems that at the present time they have a private home to occupy, a vehicle, and enough revenue to meet the basic requirements of life. Both are also of working age and appear to have income of their own. The circumstances, moreover, may appear to call for social services intervention, yet LaForge has not suggested that her minor child is living under circumstances that have motivated him to turn to the State for his care and custody. In the final analysis, I do not find in LaForge's presentation of her children's circumstances enough evidence that would justify my ordering of the termination of the incarceration component of LaForge's sentence. Accordingly, Defendant's Motion for Compassionate Release and Motion to Appoint Counsel (ECF No. 42) is **DENIED**.

SO ORDERED.

    Dated this 19th day of July, 2024.

/s/ Lance E. Walker  
Chief U.S. District Judge
